**FILED**

NOV 0 6 2024

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI CARNEY, CLERK

BY_____D.C.

**LATISHA HAYNES HUBBARD**                                            **PLAINTIFF**

**VERSUS**                                    CAUSE NO. __24-248(kJ)__

**WAL-MART STORES EAST, LP**                                    **DEFENDANT**

## COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW Plaintiff, Latisha Haynes Hubbard, by and through her attorneys of record, Wetzel Law Firm, and files herewith her Complaint against the Defendant, Wal-Mart Stores East, LP, and in support of said claim for relief would show unto this Honorable Court as follows:

I.

That the Plaintiff is an adult resident citizen of Jackson County, Mississippi.

II.

That the Defendant, Wal-Mart Stores East, LP, is a foreign corporation qualified to do business in the State of Mississippi and is in good standing in the State of Mississippi, and may be served with process by service upon its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

III.

That the Defendant, Wal-Mart Stores East, LP, was operating a business known as Wal-Mart located at 4253 Denny Avenue, Pascagoula, Mississippi, which business is open to the general public for the purpose of selling groceries, general items and merchandise to the public.

1

IV.

Plaintiff would show that on or about July 4, 2023, at or about 6:30 a.m., Plaintiff was present on the premises of the Defendant's, Wal-Mart Stores East, LP, store located at in Pascagoula, Mississippi, and was present on the premises for the express purpose of purchasing merchandise from the Defendant, Wal-Mart Stores East, LP. That at said time and place the Plaintiff was lawfully and properly on the premises of the Defendant, Wal-Mart Stores East, LP, in answer to the express or implied invitation of the Defendant, Wal-Mart Stores East, LP, for the purpose of transacting business on the premises, and as such, was a business invitee of the Defendant, Wal-Mart Stores East, LP. Plaintiff would further show that while she was present on the Defendant, Wal-Mart Stores East, LP's, premises on said date, while exercising due care and caution of her own safety, Plaintiff, Latisha Haynes Hubbard, sustained injuries while she was bent over looking at children's apparel when suddenly and without warning a Wal-Mart employee, pushing an online order shopping cart, failed to see Plaintiff and struck her with the buggy, knocking Plaintiff to the floor for which she sustained severe and permanent injuries as hereinafter more fully set forth.

V.

Plaintiff would show that it is the duty of the Defendant to use ordinary care and diligence to protect those business invitees, including your Plaintiff from conditions which are dangerous and which may potentially cause injury on the premises of Defendant, Wal-Mart Stores East, LP's, store. Plaintiff would show that the Defendant, Wal-Mart Stores East, LP, is responsible for the operation and maintenance of its store located in Pascagoula, Mississippi, and in particular for their employees to use ordinary care and diligence in the transportation of their carts in its store, which its patrons constantly walk by/around during the course of its days

2

business, and to maintain said carts in such a manner as to be free from all defects and conditions which would render Defendant, Wal-Mart Stores East, LP's business dangerous and unsafe for those business invitees, including your Plaintiff, or present an unreasonable risk of harm to the Plaintiff in her lawful use of the premises.

VI.

Plaintiff would further show that it was the duty of the Defendant, by inspection or other affirmative act, to exercise reasonable care to protect the Plaintiff from the danger of reasonably foreseeable injury from occurring from reasonably foreseeable occurrences involving the transportation of carts in said store and that it is further the duty of the Defendant to exercise reasonable care to protect the Plaintiff, Latisha Haynes Hubbard, either by inspection or other affirmative acts, to insure that safety is maintained in its store and to exercise reasonable care to protect the Plaintiff from injuries resulting from negligent and unsafe transportation of their carts by employees in the store, and in particular the failure their employees to pay attention to their surroundings, which caused a dangerous and unsafe condition on Defendant, Wal-Mart Stores East, LP's premises.

VII.

Plaintiff would further show that it was the duty of the Defendant to have sufficient personnel and equipment to properly inspect and maintain the premises in a manner and condition reasonably safe for business invitees.  Further, Plaintiff would show that it was the duty of the Defendant to warn the Plaintiff of the dangerous conditions posed by the unsafely transportation of carts and to warn Plaintiff of the dangerous condition and that Defendant, by and through its employees, while in the course and scope of their employment, carelessly failed to correctly a proper looking for patrons, which rendered the area dangerous and unsafe for the

3

use of such individuals, such as the Plaintiff, Latisha Haynes Hubbard.

VIII.

Plaintiff would allege that the unsafe condition of the transportation of carts was known

by the Defendant and the Defendant's employees, agents and servants, or in the exercise of

reasonable care, should have known of the unsafe transportation of said carts, and that said

Defendant, employees, agents and/or servants failed to warn of the unsafe transportation of carts

prior to the injuries to the Plaintiff, Latisha Haynes Hubbard.

IX.

Plaintiff would state that the Defendant's negligence proximately caused or proximately

contributed to cause Plaintiff, Latisha Haynes Hubbard's, injuries and damages.  Plaintiff states

that the Defendant failed to perform certain legal duties owed to your Plaintiff, including, but not

limited to the follows:

1. The Defendant failed to use ordinary care to have the premises on which the Defendant operates its business in a reasonably safe condition for use in manner consistent with the Defendant's invitation to Plaintiff as a business invitee;

2. The Defendant failed to warn the Plaintiff of the unsafe transportation of carts and failed to warn the Plaintiff of the danger posed and in allowing a dangerous and unsafe condition to exist on the Defendant's premises;

3. The Defendant failed to exercise reasonable care to protect the Plaintiff by performing reasonable inspections or other affirmative acts from the danger of reasonable or foreseeable injury occurring from the reasonably foreseeable use of the floor of the store, which was known or should have been known to the Defendant;

4. The Defendant failed to use reasonable care to provide a place of business which was free from dangerous conditions, and that the Defendant, by breach of those duties, thereby exposed Plaintiff to an unreasonable risk;

4

5.    Other aspects to be shown at trial.

X.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendant, as previously set forth, the Plaintiff, Latisha Haynes Hubbard, while on the Defendant, Wal-Mart Stores East, LP's, premises, at the express or implied invitation of the Defendant, sustained injuries which were proximately caused by the aforesaid acts of negligence of the Defendant.  In particular, Plaintiff, Latisha Haynes Hubbard, has sustained the following:

a.    severe and permanent injuries to her neck and right shoulder;

b.    medical bills in the past, and will in the future incur medical bills, including but not limited to, amounts for hospital care, doctors' care, medicines and drugs, and other out-of-pocket expenses.  Plaintiff reserves the right to submit the total amount of medical bills at trial.

c.    restricted in all other physical activities in which she was involved prior to sustaining the injuries in questions;

d.    Pain and suffering, mental anguish, emotional distress;

e.    Physical disability, either total or partial, consisting of total and/or partial loss of certain bodily functions; and

f.    Loss of wages.

XI.

Plaintiff would also allege the doctrine of *res ipsa loquitur* is applicable to the facts herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby sues and demands judgment of and from the Defendant in an amount which would exceed the jurisdictional limits of this Honorable Court, together with pre- and post-judgment interest and costs and punitive

damages.

RESPECTFULLY SUBMITTED, this the _____ day of _____ 2024.

LATISHA HAYNES HUBBARD, Plaintiff

By: _____
JAMES K. WETZEL

WETZEL LAW FIRM
James K. Wetzel (MS Bar No. 7122)
Garner J. Wetzel (MS Bar No. 103596)
Post Office Box I
Gulfport, MS 39502
(228) 864-6400 (ofc)
(228) 863-1793 (fax)
ATTORNEYS FOR PLAINTIFF

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**LATISHA HAYNES HUBBARD**                                          **PLAINTIFF**

**VERSUS**                                          CAUSE NO. **24-248**

**WAL-MART STORES EAST, LP**                                          **DEFENDANT**

---

## SUMMONS

---

**TO:**   C T Corporation System, Registered Agent
     Wal-Mart Stores East, LP
     645 Lakeland East Drive, Suite 101
     Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint to **Wetzel Law Firm, whose address is Post Office Box I, Gulfport, Mississippi 39502.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT PREVIOUSLY FILED.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Randy Carney, Circuit Clerk
Jackson County, Mississippi

DATED: _Nov 7th, 2024_     By: _____
DEPUTY CLERK

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**

LATISHA HAYNES HUBBARD,        *

                       *

       Plaintiff,            *

                       *

vs.                        *       CASE NO. 24-248(KJ)

                       *

WAL-MART STORES EAST, LP    *

                       *

                       *

                       *

       Defendants.        *

**ANSWER**

    COMES NOW the Defendant, WAL-MART STORES EAST, LP. (hereinafter "Wal-Mart"), and files this its Answer with each numbered paragraph corresponding to each numbered paragraph in Plaintiff's Complaint as follows:

I.

    Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's residency but at this time admits the same.

II.

    Wal-Mart Stores East, L.P. denies it is a foreign corporation, but admits it is a Delaware limited partnership with its principal place of business in Arkansas.  Wal-Mart does business in various places in Mississippi and may be served via its registered agent.

III.

    Wal-Mart admits that at all times pertinent herein, it operated the store at issue located in Pascagoula, Mississippi, which store was open to the general public for the purpose of selling certain

goods and merchandise to the public. To the extent this paragraph asserts or implies allegations against Wal-Mart, the same are denied.

## IV.

Wal-Mart admits that on July 4, 2023, Plaintiff, Latisha Haynes Hubbard, was present on its premises in Pascagoula, Mississippi. Wal-Mart is without knowledge and information sufficient to form a belief as to the purpose of Plaintiff's presence on its premises, or Plaintiff's status while she was on its premises; therefore, Wal-Mart must currently deny that Plaintiff was a "business invitee" and demand strict proof thereof. Wal-Mart admits that Plaintiff was involved in an incident while she was present on its premises, but is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's conduct, how the incident occurred, or the Plaintiff's medical condition, including her alleged injuries and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations contained in this paragraph and demands strict proof thereof.

## V.

Wal-Mart admits that at all times pertinent herein, it operated the store at issue where this incident occurred, and further admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations contained in this paragraph and demands strict proof thereof.

## VI.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies its conduct constituted negligence and denies that there existed a dangerous or unsafe condition on its premises, and demands strict proof

thereof. Wal-Mart denies the remaining allegations contained in this paragraph and demands strict proof thereof.

## VII.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves.  Wal-Mart denies it breached any duty of care owed to Plaintiff and demands strict proof thereof.  Wal-Mart denies the remaining allegations contained in this paragraph and demands strict proof thereof.

## VIII.

Wal-Mart denies the allegations contained in this paragraph and demands strict proof thereof.

## IX.

Wal-Mart denies any and all negligence on its part and further denies that it "proximately caused or proximately contributed" to Plaintiff's alleged injuries and demands strict proof thereof.  Wal-Mart denies it failed to perform any legal duty owed to Plaintiff, and specifically denies the allegations numbered 1-5 in paragraph IX of Plaintiff's Complaint and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and strict proof thereof is demanded.

## X.

Wal-Mart denies any and all negligence on its part and further denies that it proximately caused or proximately contributed to Plaintiff's alleged injuries and demands strict proof thereof.  Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition, alleged injuries, or alleged damages and, therefore, must deny the same and demand

strict proof thereof, including all allegations in subparts a. through g.  Wal-Mart denies the remaining allegations contained in this paragraph and demands strict proof thereof.

XI.

Wal-Mart denies the allegations contained in paragraph XI of the Plaintiff's Complaint and demands strict proof thereof.

As to the unnumbered paragraph following paragraph XI which begins "WHEREFORE," Wal-Mart denies that the Plaintiff is entitled to any recovery and demands strict proof thereof, and further denies Plaintiff is entitled to punitive damages and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

1.    Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.    Plaintiff was guilty of negligence that caused or contributed to cause the injuries   about which Plaintiff complains and, therefore, under Mississippi law, Plaintiff is not entitled to recover any damages or her recovery should be reduced proportionately.

3.    The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Mississippi law, and thereby obviating any alleged duty to warn.

4.    Defendant did not have notice of the alleged hazard about which Plaintiff complains and therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard or warn of it.

5.    No act or omission of this Defendant was the proximate cause of any injury to Plaintiff.

4

6.      Defendant owed Plaintiff no duty as alleged, the breach of which neither caused nor contributed to the cause of the Plaintiff's injuries.

7.      Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8.      Defendant respectfully demands credit for any and all monies paid to, or on behalf of Plaintiff from any and all collateral sources.

9.      Plaintiff, in whole or in part, failed to mitigate her alleged damages and, therefore, is precluded from recovery.

10.      Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint and having no causal relationship with this Defendant.

11.      The Plaintiff's Complaint fails to state a claim for Punitive Damages as it sounds only in negligence and those allegations are, therefore, due to be dismissed as a matter of Mississippi law.

12.      The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Mississippi Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

13.      The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Mississippi Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

14.    Plaintiffs' claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

15.    Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

a.    It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

b.    It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

c.    It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d.    It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e.    It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f.    It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g.  It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h.  It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i.  It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

j.  It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

k.  It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l.  It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

m. The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n.  The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o.  The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

16.    Defendant reserves the right to add and/or supplement these affirmative defenses as

discovery in this matter has not yet begun.

DEFENDANT DEMANDS TRIAL BY STRUCK JURY.

Dated December 16, 2024.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET          (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND          (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET          (MS 2896)
mmd@delmar-law.com
KEITH B. FRANKLIN          (MS 105376)
kbf@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

CERTIFICATE OF SERVICE

I hereby certify that I have on this day, December 16, 2024, filed the foregoing pleading with the Clerk of Court using the Electronic Case Filing (ECF) system which constitutes service upon counsel below.

James K. Wetzel
James K. Wetzel & Associates
P. O. Box I
Gulfport, MS  39502

s/ W. Pemble DeLashmet
OF COUNSEL

8